# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50341 | **DATE** | 4/12/2002 |
| **CASE TITLE** | PINNAVARIA vs. C-PHONE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the reverse Memorandum Opinion and Order, plaintiffs' complaint is stricken and plaintiffs are granted forty-five days to file an amended complaint.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| X | Notices mailed by judge's staff. | | APR 15 2002 | | 17 |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 4-12-02 | | |
| SW | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Carmen Pinnavaria and Maureen Garcia, pro se, filed a fifty-three page, single-spaced complaint against defendants, C-Phone Corporation, Daniel P. Flohr, Paul H. Albritton, Stuart E. Ross, Kurt O. Svendsen, Tina L. Jacobs, Seymour L. Gartenberg, Dr. Donald S. McCoy, E. Henry Mize, Warshaw, Bustein, Cohen, Schlesinger & Kull, Arthur Katz, and Michael D. Schwamm. Defendants have moved to dismiss, on various grounds, pursuant to Federal Rule of Civil Procedure 12 (b)(6) and 9(b). The court, sua sponte, strikes plaintiffs' complaint for failure to comply with Federal Rules of Civil Procedure 8 (a) and 10(b) and Local Rule LR5.2(a).

Rule 8 (a) (1) requires a complaint to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ." Plaintiffs' complaint sets forth no such statement of jurisdiction. Rule 8 (a) (2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." See Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 775-76 (7th Cir. 1994). Plaintiffs' complaint is neither short nor plain. Rule 8 (e)(1) requires that each averment of a pleading be "simple, concise, and direct." Plaintiffs' complaint consists mostly of apparently verbatim restatements of various communications between one of the plaintiffs and the various defendants, communications with the Securities and Exchange Commission, press releases and press reports and communications by Seedling Technologies Corp., apparently a shareholder of C-Phone Corporation concerning its apparent attempt to acquire a majority stake in C-Phone. Rule 10(b) requires that all averments "shall be in numbered paragraphs . . . ." While some portions of plaintiffs' complaint contain numbered statements, much of it does not. Compliance with the rules allows a defendant to answer the complaint and prevents problems conducting pretrial discovery, formulating pretrial orders and applying res judicata. See Vicom at 776. It is difficult to imagine how defendants would be able to file an answer to this complaint. While pro se litigants are accorded a liberal construction of their pleadings, they still are required to comply with the court's rules. See Greer v. Board of Education, 267 F.3d 723, 727 (7th Cir. 2001). Plaintiffs have failed to comply with Rules 8 and 10 (b).

Additionally, plaintiffs have not complied with local rule LR5.2 (a) which requires typed documents filed with the court to have a line spacing of at least 1 ½ lines and the body of the text to be in 12 point type. This rule provides an additional basis for striking plaintiffs' complaint.

Defendants have waded through the complaint and raised several bases for dismissing under Rule 12(b)(6). Considering plaintiffs' pro se status and the fact plaintiffs have had no prior opportunity to amend, the court is reluctant to impose the draconian measure of dismissal with prejudice for failure to state a claim at this time. Plaintiffs must be mindful, however, that they may be subject to the sanctions provided by Federal Rule of Civil Procedure 11 if they assert a claim in a subsequent pleading which proves to be in violation of Rule 11 (b).

For the foregoing reason, plaintiffs' complaint is stricken. Plaintiffs are granted forty-five days to file an amended complaint. Plaintiffs are to use this substantial amount of time to carefully evaluate their claims, including relevant statutes of limitation, and to carefully review the local rules of this court, the Federal Rules of Civil Procedure, particularly Rules 8, 9 (b), 10(b) and 11, and cases decided by the Seventh Circuit Court of Appeals concerning those rules. The plaintiffs should consider seeking legal counsel to represent them prior to repleading.

If plaintiffs elect to file an amended complaint, they need to make a short and plain statement as to the court's jurisdiction over their claims, and organize their pleading in numbered paragraphs so that each averment is simple concise and direct. To the extent they make averments of fraud, they need to make simple, concise and direct statements of the who, what, when, and where of the alleged fraud or misrepresentation in accordance with Rule 9 (b). See Lachmund v. ADM Investor Services, Inc., 191 F.3d 777, 782 (7th Cir. 1999).